**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ISIDORO DeLEON,**

                **Plaintiff,**

   vs.                                                 **9:10-cv-863**
                                                           **(MAD/DRH)**

**LESTER N. WRIGHT, Deputy Commissioner,**
**Chief Medical Officer, DOCS; MARYANNE GENOVESE,**
**MD, Medical Director of Infirmary, Shawangunk**
**Correctional Facility; S. DAS, Medical Doctor,**
**Shawangunk Correctional Facility,**

                **Defendants.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**ISIDORO DeLEON**
93-A-3163
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York 12589
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**        **DEAN J. HIGGINS, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

**I. INTRODUCTION**

On July 15, 2010, Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights under the First and Eighth Amendments to the United States Constitution. *See* Dkt. No. 1. Specifically, Plaintiff alleges that Defendant Genovese was deliberately indifferent to his serious medical needs in relation to her

treatment of Plaintiff for several conditions, including diabetes, and because she failed to properly diagnose and test him for H. Pylori in a timely manner, which ultimately led to persistent medical complications. Further, Plaintiff contends that Defendant Das was deliberately indifferent to his serious medical needs on one occasion when he treated Plaintiff in August of 2009.

In addition to his claims of deliberate indifference, Plaintiff also alleges his conditions of confinement constituted cruel and unusual punishment because of water that was supplied to Shawangunk Correctional Facility ("Shawangunk") on several occasions between 2008 and 2010, which was tainted and discolored. Plaintiff claims that, on two occasions in March of 2009, he was forced to ingest this water, which caused diarrhea and vomiting. Upon complaining about his condition, Plaintiff's vitals were taken and he was given medication by a nurse to relieve his upset stomach and diarrhea. Finally, Plaintiff claims that Defendants retaliated against him by failing to provide him with adequate medical treatment because he filed grievances related to the water condition and the medical treatment he subsequently received.

Presently pending before the Court is Magistrate Judge Homer's Report-Recommendation and Order, in which he recommends that the Court deny Plaintiff's motion for summary judgment, grant Defendants' cross-motion for summary judgment, and dismiss this case. *See* Dkt. No. 51.

## II. DISCUSSION

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2006). When a party, however, files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those

2

recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006).

A litigant's failure to file objections to a magistrate judge's report-recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and former 6(e) of the Federal Rules of Civil Procedure).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a

3

motion for summary judgment may not simply rely on the assertions in its pleading. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

In reviewing a *pro se* case, the court "must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 303 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). "Indeed, the Second Circuit has stated that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). This does not mean, however, that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* (citing *Showers v. Eastmond*, No. 00 CIV. 3725, 2001 WL 527484, *2 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for

4

summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

Having reviewed Magistrate Judge Homer's July 5, 2012 Report-Recommendation and Order and the applicable law, the Court concludes that Magistrate Judge Homer correctly recommended that the Court should deny Plaintiff's motion for summary judgment, grant Defendants' cross-motion for summary judgment, and enter judgment in Defendants' favor. As Magistrate Judge Homer correctly held, Defendant Wright is subject to dismissal because he had no personal involvement in the alleged unconstitutional conduct and Plaintiff failed to establish that he should be subjected to supervisory liability. *See* Dkt. No. 51 at 13. Moreover, although filing grievances constitutes protected First Amendment activity, Plaintiff provides only mere conclusory allegations, unsupported by the evidence, that he was retaliated against for his protected activities. *See Jackson v. Onondaga County*, 549 F. Supp. 2d 204, 214-15 (N.D.N.Y. 2008) (holding that courts must view retaliation claims with care and skepticism to avoid judicial intrusion into matters of prison administration and, therefore, conclusory allegations are insufficient to support a retaliation claim) (citation omitted). As to Plaintiff's conditions of confinement claim relating to the water quality at Shawangunk, Plaintiff's conclusory assertion that the water was harmful has been thoroughly refuted by, among other things, the affidavits of DOCCS' plant manager, test results from employees of the facility, and an independent laboratory analysis of the water. *See* Dkt. Nos. 45-8 & 45-12; *see also MacLeod v. Kern*, 379 F. Supp. 2d 103, 109 (D. Mass. 2005); *Perez v. Hawk*, 302 F. Supp. 2d 9, 22 (E.D.N.Y. 2004). Finally, the Court finds that Magistrate Judge Homer correctly determined that Defendant Genovese provided Plaintiff with constant medical care and that Plaintiff's allegations, at best, rise to the level of

5

negligence and disagreements over the course of treatment, which are insufficient to support a claim for deliberate indifference.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Homer's July 5, 2012 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' cross-motion for summary judgment (Dkt. No. 45) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion for summary judgment (Dkt. No. 44) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this Memorandum-Decision and Order would not be taken in good faith; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 9, 2012
       Albany, New York

*Mae A. D'Agostino*
U.S. District Judge